IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID J. ROBINSON,

    Petitioner,

v.           Civil Action No. 3:07CV46
            Criminal Action No. 3:05CR65
UNITED STATES OF AMERICA,  (JUDGE BAILEY)

    Respondent.


## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

## I.  INTRODUCTION

On April 23, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence by a Person in Federal Custody.[1]  The Government was ordered to

answer petitioner's Motion Under 28 U.S.C. § 2255 on August 7, 2007.[2]  The Government filed

a Motion for Extension of Time to File Response on August 21, 2007,[3] and then filed a Response

on September 6, 2007.[4]  On September 28, 2007, Petitioner filed a Motion for Extension of Time

to File a Reply to the Government's Response.[5]  By Order dated November 2, 2007, this Court

denied as moot Government's Motion for Extension of Time to File Response.[6]  Also on

---

[1] Docket No. 72

[2] Docket No. 74

[3] Docket No. 75

[4] Docket No. 76

[5] Docket No. 79

[6] Docket No. 81

November 2, 2007, Petitioner's Motion for Extension of Time to File a Reply was granted.[7]

Petitioner never filed a Reply.

## II. <u>FACTS</u>

**A.      Conviction and Sentence**

On December 22, 2005, petitioner signed a plea agreement by which he agreed to plead

guilty to Count 2 of the indictment, Possession with Intent to Distribute 2.4 grams of cocaine

base, also known as "crack", in violation of Title 21, United States Code, Section 841(a)(1).  In

the plea agreement, the parties stipulated to a total drug relevant conduct of 1,176 grams of

cocaine base.  Additionally, the petitioner waived his right to appeal and to collaterally attack his

sentence.  Specifically, the petitioner's plea agreement contained the following language

regarding his waiver:

> 10.      Defendant is aware that Title 18, Untied States Code, Section 3742 affords
> a defendant the right to appeal the sentence imposed.  Acknowledging all this,
> and in exchange for the concessions heretofore made by the United States in this
> plea agreement, Defendant knowingly and voluntarily waives the right to appeal
> any sentence which is within the maximum provided in the statute of conviction
> or in the manner in which that sentence was determined on any ground whatever,
> including those grounds set forth in Title 18, United States Code, Section 3742.
> Defendant also waives his right to challenge his sentence or the manner in which
> it was determined in any collateral attack, including but not limited to, a motion
> brought under Title 28, United States Code, Section 2255 (habeas corpus).  The
> United States does not waive its right to appeal the sentence; however, in the
> event that there would be an appeal by the United States, Defendant's waiver
> contained in this paragraph will be voided provided Defendant complies with the
> provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

On January 4, 2006, the petitioner entered his plea in open court.  Petitioner was sworn;

was twenty-eight years old; can read, write and understand English; had no medicine, drugs or

---

[7]Docket No. 82

alcohol within the last 24 hours; and understood the oath meant he must tell the truth. (Plea transcript p. 3). Petitioner agreed that the plea hearing be conducted by a Magistrate Judge. (Id. at 4-5). The Assistant United States Attorney summarized the plea agreement and specifically stated that Paragraph 10 waived appellate and collateral attack rights. (Id. at 6-9). The Court advised petitioner of all the rights he was giving up by pleading guilty, including that he was waiving a majority of his rights to appeal. (Id. at 9-16). Petitioner stated that he understood and agreed with all terms and conditions of the plea agreement. (Id. at 10-11).

To establish a factual basis for the plea, the Government presented the testimony of Detective Steve Harris of the Charles Town Police Department. (Id. at 17-19). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 2 of the indictment. (Id. at 19). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own will. (Id. at 19-20). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 20). The petitioner testified that his attorney had done a good job representing him, and that his attorney had left nothing undone. (Id. at 20-21). Finally, petitioner stated that he was in fact guilty of the crime to which he was pleading guilty. (Id. at 21).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily; that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id.). The petitioner did not object to the Court's finding.

On January 23, 2006, petitioner filed Motions to Withdraw His Plea of Guilty[8] and to Disqualify His Counsel.[9]  On February 2, 2006, the Court appointed new counsel for petitioner.[10]  On February 13, 2006, petitioner filed, *pro se*, a second Motion to Withdraw His Guilty Plea.[11]  Counsel for petitioner advised the Court on March 10, 2006 that petitioner did not wish to proceed with the two Motions to Withdraw His Guilty Plea.[12]

A sentencing hearing was held April 7, 2006.  The parties first entered into a new stipulation–lowering the relevant drug content from 1,176 grams of cocaine base to 499 grams of cocaine base.  (Sentencing transcript pp. 3-4).  Count One of the indictment was dismissed, and petitioner was sentenced on Count Two to 188 months imprisonment, 3 years of supervised release, a $1,100.00 fine and a $100.00 special assessment.  The Judgment and Commitment Order was entered April 11, 2006.[13]

On June 16, 2006, petitioner filed his third Motion to Take Back or Withdraw Guilty Plea,[14] which was denied on April 29, 2008 in an Order Adopting Report and Recommendation that Defendant's Motion to Take Back or Withdraw Guilty Plea be Denied.[15]

---

[8]Docket No. 29

[9]Docket No. 30

[10]Docket No. 37

[11]Docket No. 40

[12]Docket No. 48

[13]Docket No. 59

[14]Docket No. 62

[15]Docket No. 86

**B.**     **Appeal**

Petitioner did not pursue a direct appeal.

**C.**     **Federal Habeas Corpus**

Petitioner contends his counsel rendered ineffective assistance:

1) because counsel failed to investigate and challenge the relevant drug conduct.

2) because counsel: a) gave an inaccurate prediction of sentence length, and b) operated

under a conflict of interest by joining the prosecution.

The Government contends:

1) Sentencing was based upon the second stipulation of relevant drug conduct, and the

length of sentence is a direct result of petitioner's criminal history.

2) Inaccurate advice, subsequently corrected by the Court, is not a basis for an ineffective

assistance of counsel claim.

**D.**     **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §

2255 motion be denied and dismissed from the docket because although the Court did not

expressly ask at the Rule 11 colloquy if petitioner waived his right to file a § 2255 collateral

attack, petitioner has failed to raise any claims that merit relief.

## III.  <u>ANALYSIS</u>

**A.**     **Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving

his sentence or conviction was imposed in violation of the Constitution or laws of the United

States, that the court was without jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States of America</u>, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.      Waiver of Right to File § 2255 Collateral Attack**

Petitioner's written plea agreement expressly provided that he waived the right to file a § 2255 collateral attack. However, in the Rule 11 colloquy, the Court did not expressly ask petitioner if petitioner understood that he was giving up the right to file a § 2255 collateral attack. Therefore, in accordance with the holding in <u>United States v. Morris</u>, 2007 WL 2710010 at *1-2 (4th Cir. 2007), which requires a Court to expressly inquire at the Rule 11 colloquy about the waiver of appellate rights, petitioner did not waive his right to file a § 2255 collateral attack.

**C.      Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Following is a discussion of each of petitioner's ineffective assistance of counsel claims.

**1.** **Claim 1: Whether Counsel Rendered Ineffective Assistance in Failing to Investigate and Challenge the Relevant Drug Conduct.**

Petitioner argues that his original counsel did not investigate petitioner's case and as a result offered ineffective assistance. Petitioner believes that his original counsel did not investigate his case because his second counsel challenged the relevant conduct stipulation of 1,176 grams of cocaine base contained in the plea agreement, while petitioner's original counsel did not.

Defense counsel has a duty to conduct a pretrial investigation that is "reasonable [ ] under prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688 (1984). A decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691; see also Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

The Court finds petitioner's claim is without merit. The plea agreement, signed by petitioner and his original counsel, stated in Paragraph 9 that the Court was not bound by the stipulated drug relevant conduct of 1,176 grams of cocaine base. Petitioner's second counsel did enter into a second stipulation with the Assistant United States Attorney at petitioner's sentencing hearing reducing the relevant drug conduct to 499 grams of cocaine base. However,

the petitioner notes in his § 2255 motion that his original counsel intended to challenge the stipulation of 1,176 grams of cocaine base at the sentencing hearing.  Because of this admission, petitioner essentially likens original counsel's performance with his second counsel's.  Petitioner's second counsel did not attempt to challenge the relevant drug conduct stipulation earlier, nor is there anything in the record to indicate that he would have.  Had petitioner retained his original counsel throughout all proceedings, it is likely that he would have performed in his declared manner.  There appears to be no impropriety.

Furthermore, petitioner does not offer any evidence that his original counsel failed to investigate, or was deficient in any manner prior to the Rule 11 hearing.  In fact, under oath, at the Rule 11 colloquy, where the Court found that petitioner made a voluntary and counseled plea, petitioner stated that his original counsel did a good job representing him and that counsel did not leave anything undone.  Hence, petitioner does not show that counsel failed to investigate, was deficient, or that petitioner was prejudiced to support a claim of ineffective assistance of counsel.  Relief should be denied.

**2.**     **Claim 2(a): Whether Counsel Rendered Ineffective Assistance in Giving an Inaccurate Prediction of Sentence Length.**

Petitioner argues that his original counsel was ineffective because counsel induced petitioner into pleading guilty under the auspices of a lighter sentence.  To support his argument, petitioner alleges that his original counsel erroneously advised petitioner that petitioner would likely not face more than 120 months imprisonment if he pleaded guilty, when in fact, petitioner was sentenced to 188 months imprisonment.

"[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to

understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060 (1994). "'Misadvice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given. . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citing United States v. Craig, 985 F.2d 175, 179-180 (4th Cir. 1993)).

The Court rejects petitioner's contention. First, petitioner cannot establish prejudice based upon sentencing. The second stipulation, which was accepted by the Court for sentencing, reduced petitioner's relevant conduct from 1,176 grams of cocaine base to 499 grams of cocaine base. As a result, at offense level 31, criminal history category I, the sentencing guideline range is 108–135 months imprisonment. This guideline range encompasses the 120 month imprisonment prediction petitioner claims he received from his original counsel. However, petitioner's criminal history category is not I. Petitioner's criminal history category is VI which results in a suggested guideline range of 188–235 months imprisonment. Petitioner's sentence is a direct result of his criminal history.

Second, the Change of Plea Hearing clarified any misadvice regarding sentencing. On two separate occasions during the Rule 11 colloquy petitioner was advised, and acknowledged under oath, that he understood that a specific sentence was unknown at that time. Specifically, the Change of Plea Hearing included the following colloquy regarding sentencing:

THE COURT: Do you further understand that the sentence imposed upon you may be different than any estimate that you and your attorney have determined?
THE DEFENDANT: Yes, sir.
THE COURT: And do you understand that under a concept known as relevant conduct, the sentencing Court could take into

|                    |                                                                                                                                                                                                                                                                   |
| ------------------ | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|                    | account any conduct, circumstances, and injuries relevant to the crime to which you have been convicted?                                                                                                                                                           |
| THE DEFENDANT:     | Yes, sir.                                                                                                                                                                                                                                                          |
| THE COURT:         | Do you understand that once the Court, the sentencing Court, has determined what Guidelines apply to your case, the Court has the authority to depart from those Guidelines and could impose a sentence that is either longer or shorter than those Guidelines called for? |
| THE DEFENDANT:     | Yes, sir.                                                                                                                                                                                                                                                          |

Later, during the Rule 11 colloquy the Court further inquired about petitioner's knowledge of

sentencing:

|                |                                                                                                                                   |
| -------------- | --------------------------------------------------------------------------------------------------------------------------------- |
| THE COURT:     | Has anyone promised or predicted the exact sentence which would be imposed upon you in this matter?  You have been given an estimate? |
| THE DEFENDANT: | Right.                                                                                                                            |
| THE COURT:     | But no one told you exactly?                                                                                                      |
| THE DEFENDANT: | No, sir.                                                                                                                         |
| THE COURT:     | And you understand no one could know what the exact sentence is at this time because the presentence report hasn't been completed yet? |
| THE DEFENDANT: | Yes, sir.                                                                                                                        |

For the aforementioned reasons, the Court finds that any misinformation given to petitioner by

his counsel was corrected by the Rule 11 colloquy such that it did not prejudice petitioner's

decision to plead guilty.  Relief should therefore be denied.

3.   **Claim 2(b): Whether Counsel Rendered Ineffective Assistance in Operating under a Conflict of Interest by Joining the Prosecution.**

Petitioner claims that his original counsel rendered ineffective assistance because original

counsel operated under a conflict of interest when counsel joined the prosecution in an effort to

obtain a conviction by misadvising petitioner about the length of his sentence.  Petitioner claims

that the misadvice on sentencing was a crafted prosecutorial inducement for petitioner to plead

guilty.

The Fourth Circuit has held that a habeas petitioner's claim of ineffective assistance of counsel due to conflict of interest is analyzed under a modified Strickland format, where the

> "petitioner must show (1) that his attorney had an actual conflict of interest and (2) that the conflict of interest adversely affected his lawyer's performance. An actual conflict arises when counsel actively represents conflicting interests. Once the petitioner establishes both an actual conflict of interest and an adverse effect on defense counsel's performance, then prejudice to the defense is presumed. . ."

Fullwood v. Lee, 290 F.3d 663, 689 (4th Cir. 2002). (Internal citations omitted). See also Cuyler v. Sullivan, 446 U.S. 335, 348-350 (1980).

The Court finds petitioner's claim unsustainable. In petitioner's § 2255 motion, petitioner does not demonstrate that his original counsel actually represented any interest other than petitioner's. Petitioner does not demonstrate that his original counsel had an improper relationship with the prosecution. Petitioner offers no explanation as to how or why original counsel could have operated under a conflict of interest. Petitioner rests his entire conflict of interest claim on original counsel's purported misadvice regarding the length of sentence. It was noted above that petitioner's claim of ineffective assistance of counsel due to misadvice regarding potential sentencing was without merit, and because petitioner does not offer any evidence that would suggest an actual conflict of interest, petitioner's claim fails. See U.S. v. Schell, 775 F.2d 559, 566 (4th Cir. 1985).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 20, 2008


 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE