IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID J. ROBINSON,**

 **Plaintiff,**

**v.**             **Civil Action No. 3:07CV46**
               **Crim. Action No. 3:05CR65**
               **(BAILEY)**

**UNITED STATES OF AMERICA,**

 **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Crim. Doc. 87), dated June 20, 2008, and the petitioner's corresponding objections (Crim. Doc. 91) filed on July 7, 2008. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. ***Thomas v. Arn,*** 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 87; Civ.**

**Doc. 5)** should be, and is, **ORDERED ADOPTED**.

II.  Factual and Procedural Background

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On September 21, 2005, the petitioner was named in a two-count indictment charging him with distributing 1.6 grams of cocaine base and with possessing with the intent to distribute 2.4 grams of cocaine base. In connection with these charges, the Court appointed Assistant Federal Public Defender Brian Crockett to serve as petitioner's representation. Thereafter, on December 22, 2005, the petitioner signed a written plea agreement under which he agreed to plead guilty to possessing with the intent to distribute 2.4 grams of cocaine base in exchange for certain concessions from the United States. Moreover, the signed plea agreement contained a relevant conduct stipulation of 1,176 grams of cocaine base.

On January 4, 2006, the petitioner executed a written waiver of his right to have his guilty plea taken by a United States District Judge and, instead, entered his plea before United States Magistrate Judge David J. Joel. At the hearing, the petitioner was placed under oath and informed by the Court of the rights he was waiving by entering a guilty plea. Moreover, the Court informed the defendant that the ultimate sentence imposed may differ from any previous estimate received, and that, under a concept known as relevant conduct, the sentencing court could take into account any conduct, circumstances, and injuries relevant to the offense of conviction. In response, the petitioner indicated that he understood and agreed with the terms of the plea agreement and tendered his plea to Count Two of the Indictment charging him with possessing with the intent to distribute 2.4 grams of cocaine base. At the conclusion of the hearing, the Magistrate Judge found that

the plea was made freely and voluntarily; that the petitioner understood the consequences of his guilty plea; and that the elements of the crime were established beyond a reasonable doubt. As such, the Court accepted the petitioner's plea of guilty.

Shortly after the change of plea hearing, the petitioner filed his Motion to Withdraw Guilty Plea (Doc. 29) and his Motion to Disqualify Counsel (Doc. 30). Following a hearing, the Court granted the petitioner's Motion to Disqualify Counsel (Doc. 30), finding an irrevocable breakdown in communication within the attorney-client relationship. Accordingly, the Court appointed attorney Paul Taylor to serve as petitioner's representation. Subsequently, the petitioner filed a Second Motion to Withdraw Guilty Plea (Doc. 40); however, on March 10, 2006, the petitioner advised the Court that he wished to withdraw his Motion to Withdraw Guilty Plea (Doc. 48).

On April 7, 2006, the parties appeared before the Court for sentencing. As an initial matter, the parties indicated that they agreed to reduce the stipulated relevant conduct from 1,176 grams of cocaine base to 499 grams of cocaine base. At the hearing's conclusion, the Court sentenced the petitioner to a 188 month term of incarceration, 3 years of supervised release, a $1,100.00 fine, and a $100 special assessment. However, on June 1, 2006, the petitioner again filed a Motion to Take Back or Withdraw Guilty Plea (Doc. 59), which the Court ultimately denied.

On April 23, 2007, the petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. In support, the petitioner contends that his original counsel rendered ineffective assistance by failing to adequately investigate and challenge the drug relevant conduct. Moreover, petitioner contends that his original counsel rendered ineffective assistance by giving an inaccurate sentence length

estimate and by operating under a conflict of interest created by original counsel's joining the prosecution. In response, the United States contends that the sentence imposed was based on the reduced relevant conduct stipulation and that the length of the sentenced imposed is the direct result of petitioner's extensive criminal history. In addition, the United States argues that any inaccurate advise of counsel was cured by the Court, and is not a proper basis for finding ineffective assistance.

Upon consideration, the Magistrate Judge found petitioner's motion to be without merit. Accordingly, the Magistrate Judge recommended that the petition be denied and dismissed from the docket. In response, the petitioner reiterates his argument that his original counsel failed to properly investigate and challenge relevant conduct. Moreover, petitioner contends that his original counsel provided him with an estimated sentence length that did not include the stipulated relevant conduct and informed him that relevant conduct would not apply. Further, petitioner contends that original counsel's refusal to challenge the relevant conduct stipulation prior to the change of plea hearing evidences that counsel "participated in the Government's efforts to obtain a plea to its calculation." Finally, the petitioner contends that the Magistrate Judge erred in failing to grant petitioner an evidentiary hearing.

### III. Legal Standards

In ***Strickland v. Washington***, 466 U.S. 688 (1984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under ***Strickland***, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." ***Id.*** at 687-88. Provided that this

showing is made, the Court must still find that the results of the proceeding would have been different but for counsel's errors. *Id.* at 687.

Moreover, in evaluating an ineffective assistance of counsel challenge predicated on a conflict of interest, the United States Court of Appeals for the Fourth Circuit has provided that, "petitioner must show (1) that his attorney had an actual conflict of interest and (2) that the conflict of interest adversely affected his lawyer's performance." **Fullwood v. Lee**, 290 F.3d 663, 689 (4th Cir. 2002) (citations omitted). Furthermore, in regard to the effects of counsel's allegedly inaccurate sentence length estimate, binding precedent indicates that where "the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." **United States v. Lambey**, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc).

IV.    Discussion

Turning to the case at bar, the Court finds petitioner's contention, that his original counsel rendered ineffective assistance by failing to investigate and challenge the drug relevant conduct, to be without merit. Initially, the Court notes that the petitioner's sentence was based on the reduced stipulation of 499 grams of cocaine base and not on 1,176 grams of cocaine base as originally contained in the plea agreement. As such, and without regard to the threshold issue of whether or not counsel's allegedly deficient performance fell below an objective standard of reasonableness, the petitioner has failed to demonstrate the requisite resultant prejudice, as original counsel's 1,176 gram stipulation was not used

in computing the petitioner's sentence.

Similarly, the Court rejects petitioner's assertion that original counsel's inaccurate estimate of sentence length and representation that relevant conduct would not be a factor in petitioner's case constituted ineffective assistance of counsel. As noted above, Fourth Circuit precedent makes clear that where a defendant receives instruction from the court which corrects a previous misstatement by counsel and the defendant indicates his understanding, there can be no claim for ineffective assistance of counsel based on counsel's original error. As such, petitioner's position is simply unattainable in light of the detailed Rule 11 colloquy during which petitioner was explicitly informed, and indicated his understanding, that no estimate or stipulation was binding on the Court and that the Court was free to consider any past conduct relevant to the crime.

As a final matter, the Court similarly finds that petitioner's final contention, that his original counsel rendered ineffective assistance by operating under a conflict of interest, to be without merit. Initially, as noted by the Magistrate Judge, the petitioner has fallen short of even identifying an allegedly alternative interest. As such, his claim for ineffective assistance of counsel on such grounds must fail. **See Lee**, 290 F.3d at 689. Moreover, in light of the above, the Court finds no error in the refusal of the Magistrate Judge to conduct an evidentiary hearing.

V.  Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1.  That **Magistrate Judge's Report and Recommendation (Crim. Doc. 87;**

**Civ. Doc. 5)** is **ADOPTED**;

2. That the petitioner's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Crim. Doc. 72; Civ. Doc. 1)** is **DENIED**; and

3. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: August 13, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE